2133

Charles Molony CONDON, as Solicitor, Ninth Judicial Circuit, Respondent v. ONE 1985 BMW, 4 DOOR, VIN #WBAAE6403F0704170, Registered and Titled in the name of David F. McEvoy; One (1) Radio Shack Telephone, Serial Number 00755290 and Beverly Juanita Bones, Claimant, Appellant.

(440 S.E. (2d) 895)

Court of Appeals

*Fletcher M. Johnson, Jr.,* Charleston, *for appellant.*

*Lee Berlinsky,* of *Ninth Circuit Solicitor's Office,* North Charleston, *for respondent.*

Heard Jan. 12, 1994.

Decided Feb. 7, 1994. Reh. Den. Mar. 16, 1994.

GOOLSBY, Judge:

In this *in rem* forfeiture action brought pursuant to S.C. Code Ann. § 44-53-520 (Supp. 1992), the owner of the Defendant BMW, Beverly Juanita Bones (Bones), alleges the trial court erred in finding the BMW was used to facilitate the sale of controlled substances. We reverse.

The North Charleston Police Department arranged through a confidential informant a purchase of a controlled substance from Maurice Keith Gregory. The purchase was to take place after the informant met Gregory at Charleston Square Mall.

The police officers observed Gregory driving the BMW several hours prior to the time that he was to be at the mall to meet with the informant. They also saw Gregory drive the BMW to his home and exchange it for another vehicle before he drove to the mall and carried out the drug deal.

Police officers arrested Gregory a short while later. In searching Gregory, they found in his possession marked money that they had given the informant and the keys to the BMW.

After his arrest, the police officers went to Gregory's residence and seized the BMW. Thereafter, the solicitor filed the instant action. The trial judge ordered the forfeiture of the BMW to the State.

On appeal, Bones, Gregory's sister and the owner of the BMW, argues the State did not meet its burden of proving facilitation sufficient to justify forfeiture. We agree.

Under section 44-53-520(a)(4), any personal property that "is knowingly used to facilitate . . . [the] distribution [and] sale [of] controlled substances" is subject to forfeiture. Under section 44-53-520(a)(6), any motor vehicle "used or intended for use unlawfully to . . . facilitate the unlawful . . . transportation of controlled substances" is likewise subject to forfeiture.

■ Property facilitates the sale of a controlled substance and becomes thereby subject to forfeiture under section 44-53-520(a)(4) or section 44-53-520(a)(6), when, like under the Federal Civil Forfeiture Statute, 21 U.S.C. § 881(a)(4), there is a substantial connection between the

property seized and the underlying drug related activity. *U.S. v. Schifferli*, 895 F. (2d) 987 (4th Cir. 1990); *U.S. v. Santoro*, 866 F. (2d) 1538 (4th Cir. 1989); *U.S. v. 1966 Beechcraft Aircraft Model King Air*, 777 F. (2d) 947 (4th Cir. 1985).

> At minimum, the property must have more than an incidental or fortuitous connection to criminal activity. . . . It is . . . irrelevant whether the property's role in the crime is integral, essential or indispensable. The term "facilitate" implies that the property need only make the prohibited conduct "less difficult or 'more or less free from obstruction or hindrance.' "

*Schifferli*, 895 F. (2d) at 990 (citation omitted).

Here, the evidence shows Gregory simply drove the BMW on the day that he was arrested and had its keys in his pocket when the police officers arrested him. His driving of the BMW and his possession of its keys at the time of his arrest constituted nothing more than incidental or fortuitous connections to Gregory's unlawful activity. Neither the fact that Gregory drove the BMW sometime before his arrest nor that he possessed the BMW's keys at the time of his arrest made the drug transaction in which he engaged any less difficult.

Reversed.

BELL and CONNOR, JJ., concur.